IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY HRONEK,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1228 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **CHRISTOPHER ANGELINI.** | : | |
| | : | |
| Respondent. | : | |

## **M E M O R A N D U M**

Terry Hronek, an inmate at the Satellite Camp at the United States Penitentiary in Lewisburg, Pennsylvania ("SPC-Lewisburg"), has filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") failure to reduce his custody level to "community" and transfer him to either home confinement or a community corrections center ("CCC").[1]  Hronek argues that the BOP has breached its statutory obligations under 18 U.S.C. § 3621(b) and regulatory obligations under BOP Program Statement P5100.08 by failing to exercise its discretion to reduce his custody level and transfer him to an RRC.  In support of his argument, Hronek cites to *Woodall v. Federal Bureau of Prisons*, 432

---

[1] Petitioner Hronek uses the term Community Corrections Center ("CCC") in his petition; however, the BOP has renamed these facilities and now refers to them as Residential Reentry Centers ("RRC").  The court will refer to these facilities as RRCs herein.

F.3d 235 (3d Cir. 2005). Hronek seeks the court to order the BOP to immediately reduce his custody level and transfer him to home confinement or an RRC. For the reasons that follow, the petition will be denied for failure to exhaust administrative remedies.

## I. **Background**

On November 25, 2002, Hronek was sentenced in the United States District Court for the Northern District of Ohio to 125 months imprisonment for marihuana trafficking charges. (Doc. 5 at 3.) His projected release date is May 14, 2011, via good conduct time release. (*See* Doc. 5-2 at 56.)

On January 15, 2004, Hronek was designated to SPC-Lewisburg. (*Id*. at 55.) On March 11, 2007, Hronek's Unit Team at SPC-Lewisburg performed an annual Program Review Report. (*Id*. at 62-64.) The Unit Team noted that Hronek had an outstanding work performance rating and had no incident reports. (*Id*. at 62.) It advised Hronek to enroll in a "health promotion/disease prevention" program by September 2007, as well as "recreational/leisure activities." (*Id*. at 64.) The Unit Team did not recommend placement in an RRC at that time because Hronek had not yet completed a "release preparation program" and it was "too soon" for such placement. (*Id*. at 63.)

2

On April 13, 2007, the Unit Team reviewed Hronek's custody classification. (*Id*. at 66.) The custody classification form initially recommended that Hronek's custody classification be reduced from "out" to "community;" however, the Unit Team decided not to follow the custody classification form's recommendation based on the time remaining on Hronek's sentence. (*Id*.)

In the instant petition, Hronek alleges that the BOP failed to comply with the law set forth in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), and the BOP Program Statement 5100.08 for custody classification. Hronek argues that the BOP ignored the court's holding in *Woodall* by not considering the statutory factors prescribed at 18 U.S.C. § 3621(b)[2] to determine his custody classification. *See*

---

[2] Section 3621(b), related to a BOP inmate's place of confinement, provides that:

The [BOP] shall designate the place of the prisoner's confinement. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP], . . . considering - -
  (1) the resources of the facility contemplated;
  (2) the nature and circumstances of the offense;
  (3) the history and characteristics of the prisoner;
  (4) any statement by the court that imposed the sentence
. . .
  and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Also pertinent to the instant petition is section 3624(c) of title 28, which provides, in pertinent part:

The [BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per

*Woodall*, 432 F.3d at 245-50. Hronek also claims that "no reason is given inside the four corners of the [custody classification form] for not following the [custody classification form's] recommendation of decreasing custody level down to community." (Doc. 1 at 8.) This documentation is required under the BOP Program Statement 5100.08. (*See* Doc. 1, Ex. A at 22-23.)

The instant petition was filed on July 6, 2007. (Doc. 1.) On July 26, 2007, the court issued an order directing the respondent to show cause why habeas relief should not be granted, on or before August 15, 2007. (Doc. 4.) In his response to the instant petition, Respondent argues that Hronek's habeas petition should be denied for failure to exhaust administrative remedies. Hronek has not replied to the response, and his time for doing so has passed. Thus, the petition is ripe for disposition.

## II. Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior

---

centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c).

4

to bringing habeas claims under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato,* 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. *See* 28 C.F.R. § 542.10, *et seq.*; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007). A district court may use its inherent power to dismiss, *sua sponte*, a complaint which conceded that the prisoner failed to exhaust his administrative remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002). *See also Sulaski v. Lindsay*, No. 1:CV-06-2482, 2007 WL 1031457, at *1 (M.D. Pa. Mar. 29, 2007) (relying on *Ray* for *sua sponte* dismissal of an unexhausted § 2241 petition). However, exhaustion may be excused upon an affirmative showing of futility. *See Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998). Alternatively, exhaustion of

5

administrative remedies is not required where the issue presented involves only statutory construction, because there is no need for an administrative agency to develop a factual record or to apply its expertise with respect to the circumstances presented.  *See Bradshaw*, 682 F.2d at 1052 (citing *U.S. ex rel. Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659 (3d Cir. 1973), *rev'd on other grounds*, 417 U.S. 653 (1974)).

Hronek explicitly concedes that he did not exhaust administrative remedies for his claim, but makes two arguments that exhaustion was not necessary prior to filing the instant petition.  Initially, Hronek contends that exhaustion is an affirmative defense which inmates are not required to plead in their initial filing of a § 2241 petition.  In support, Hronek relies on *Jones v. Bock*, 127 S. Ct. 910 (2007).  However, this reliance is unavailing.  In *Jones*, the Supreme Court concluded that "failure to exhaust is an affirmative defense *under the PLRA*, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Id*. at 921 (emphasis added).[3]  The PLRA, however, does not apply to habeas corpus proceedings.  *Watkins v. Holt*, 177 Fed. Appx. 251, 253 n.4 (3d Cir. 2006) (nonprecedential) (citing *Booth v. Churner*, 206 F.3d 289, 295 (3d Cir. 2000);

---

[3] The PLRA is the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

*Santana v. United States*, 98 F.3d 752, 756 (3d Cir. 1996)).  Thus, *Jones* is not controlling in the instant analysis.

Hronek also contends that "exhaustion would be futile in the face of the present claim," (Doc. 1 at 15), alleging, "[a]s in *Woodall*, exhaustion would be futile because [Hronek] is challenging the validity of a systemic policy of using unauthorized discretion which breaches the BOP's statutory and regulatory obligations to fully consider 3621(b) factors without categoric impediments." (*Id.*)  Respondent counters that Hronek is challenging the application of the BOP regulations to him and not their validity, and therefore Hronek's failure to exhaust should not be excused.  *See Woodall*, 432 F.2d at 239 n.2 ("The District Court excused Woodall's failure to exhaust his administrative remedies.  It determined that exhaustion would be futile, given that Woodall is not challenging the application of the BOP regulations, but their validity. . . . We agree with the District Court that the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies . . . .").  Respondent argues that this case differs from *Woodall* in that Hronek "does not challenge the validity of any BOP regulations, but, in fact, challenges discretionary decisions made in accordance with applicable BOP regulations regarding Hronek's custody classification and his place of confinement." (Doc. 5 at

7

15) (citing *Ahmed v. Lindsay*, 2006 WL 3308667, at *2 n.3 (M.D. Pa. Oct. 11, 2006) (holding "[w]hile Petitioner argues that exhaustion is not required because it would be futile, the court disagrees.  It appears clear that in the instant action Petitioner is challenging the specific application of 18 U.S.C. § 3621(b) and 3624(c) to his situation and not their validity.  *See Woodall*, 432 F.3d 235 (3d Cir. 2005).")).

      The court agrees with Respondent that Hronek is challenging the discretionary decisions made by the BOP regarding his custody classification and place of confinement.  Hronek is challenging the procedures of the BOP custody classification system as they pertain specifically to him.  As such, the court will not construe Hronek's petition as challenging the validity of § 3621(b) and excuse exhaustion in this matter.  As the record clearly indicates that Hronek has not exhausted his administrative remedies with respect to the claim in this instant petition,[4] the court will dismiss the § 2241 petition for failure to exhaust administrative remedies.

---

[4] Respondents have submitted the declaration of Adam J. Ackley, attorney advisor at the Consolidated Legal Center in Allenwood, Pennsylvania, which verifies the accuracy of all the administrative remedies pursued by Hronek at the time of filing of the response, and the responses thereto, while he was incarcerated at FPC-Lewisburg. (Doc. 5-2, Ex. 1.)  Also attached as exhibits are the relevant SENTRY computer-generated records of Hronek's exhaustion attempts. (*Id*.)  The records reveal that Hronek has filed 17 administrative remedies, but none of these remedies pertains to the issues raised in the instant petition. (*Id*.)

### III. **Conclusion**

Based on the foregoing determination that Hronek has failed to exhaust his administrative remedies with respect to the claim raised in the instant petition, the petition for writ of habeas corpus (Doc. 1) will be denied. Because the court will dismiss the § 2241 petition for failure to exhaust administrative remedies, it need not consider the merits of the claim.

An appropriate order will issue.

                                                       s/Sylvia H. Rambo
                                                       SYLVIA H. RAMBO
                                                       United States District Judge

Dated: March 17, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY HRONEK,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1228 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **CHRISTOPHER ANGELINI.** | : | |
| | : | |
| Respondent. | : | |

# O R D E R

AND NOW, this 17th day of March, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.


                                                  s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge